# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| | § | |
| v. | § | |
| | § | Case Number: **1:24-CR-00113-002** |
| **GLENNIE ANTONIO MCGEE** | § | USM Number: **09566-003** |
| **aka LITTLE G, akd LITTLE MAN** | § | **Pro Se** |
| **Date of Original Judgment: 10/13/2026** | § | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to counts 2, 12 & 22 of the Indictment on 1/30/2026.

☐ pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court.

☐ pleaded nolo contendere to count(s) which was accepted by the court

☐ was found guilty on count(s) after a plea of not guilty

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 USC § 1343 - Wire Fraud | 06/27/2024 | 2 |
| 18 USC § 1028A(a)(1) - Aggravated Identity Theft | 05/11/2022 | 12 |
| 18 USC § 1343 - Wire Fraud | 06/11/2020 | 22 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Counts 1, 4-11, 13-17, & 23-25 are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**October 2, 2026**[1]
Date of Imposition of Judgment

**/s/Terry F. Moorer**
Signature of Judge

**TERRY F. MOORER**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**November 3, 2026**
Date

[1] Correction made pursuant to F.R.Crim.P. 36.

DEFENDANT: GLENNIE ANTONIO MCGEE, aka LITTLE G, akd LITTLE MAN
CASE NUMBER: 1:24-CR-00113-002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**TWO HUNDRED FORTY (240) months. Said term consists of 240 months as to each of Counts 2 & 22, to be served concurrently with each other, and concurrently with the terms imposed as to Counts 1-3, 5-8 & 10 of case number 1:24CR00112-001; and 24 months as to Count 12, to be served consecutively to the terms imposed as to Counts 2 & 22, in this case, and consecutively to the terms imposed as to Counts 1-8, & 10 of case number 1:24CR00112-001.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ☐ a.m. ☐ p.m. on

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ______________________ to ______________________________________

at ______________________, with a certified copy of this judgment.

UNITED STATES MARSHAL

By ______________________________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: GLENNIE ANTONIO MCGEE, aka LITTLE G, akd LITTLE MAN
CASE NUMBER: 1:24-CR-00113-002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **Three (3) years on each of Counts 2 & 22, and 1 year on Count 12. All terms are to run concurrently with each other, and concurrently with the terms imposed on Counts 1-8 & 10 of case number 1:24CR00112-001.**

☒ Special Conditions:

1) The defendant shall submit to periodic urine surveillance and/or breath, saliva, and skin tests for the detection of drug and/or alcohol abuse as directed by the Probation Office. Defendant may incur costs associated with such detection efforts based upon ability to pay as determined by the Probation Office.

2) The defendant shall participate in an assessment or a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to such drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant may incur costs associated with such drug/alcohol detection and treatment, based upon the ability to pay, as determined by the probation officer.

3) The defendant shall submit his person, house, residence, vehicle(s), papers, computer(s) (as defined by 18 U.S.C., § 1030(e)(1)), or other electronic communication or data storage devices or media, business or place of employment and any other property under the defendant's control, to a search conducted by the United States Probation Office at a reasonable time and in a reasonable manner, based upon a reasonable suspicion of contraband, or evidence of violation of condition of release. Failure to submit to a search in accordance with this condition may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

(See page 7 for additional conditions.)

**MANDATORY CONDITIONS**

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon.
4. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low Risk of future substance abuse. *(Check, if applicable.)*
5. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
6. ☐ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
7. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
8. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

**See Page 4 for the**
**"STANDARD CONDITIONS OF SUPERVISION"**

DEFENDANT: GLENNIE ANTONIO MCGEE, aka LITTLE G, akd LITTLE MAN
CASE NUMBER: 1:24-CR-00113-002

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3. The defendant must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. The defendant must answer truthfully the questions asked by your probation officer and follow the instructions of the probation officer.
5. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.
6. The defendant must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
8. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer.
9. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
10. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
11. If the probation officer determines that you pose a risk to another person (including an organization/employer), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
12. The defendant shall support his or her dependents and meet other family responsibilities.
13. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

Defendant's Signature ______________________________________ Date _____________________

U.S. Probation Officer's Signature ___________________________ Date _____________________

DEFENDANT: GLENNIE ANTONIO MCGEE, aka LITTLE G, akd LITTLE MAN
CASE NUMBER: 1:24-CR-00113-002

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Page 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $300.00 | $1,013,129.16 | | | |

☐ The determination of restitution is deferred until ____________. An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. (or see attached). However, pursuant to 18 U.S.C. § 3644(i), all non-federal victims must be paid in full prior to the United States receiving payment.

Restitution in the amount of $1,013,129.16 to:

Small Business Administration (Paycheck Protection Program) (address on file with the Court) in the amount of $112,351.43
Small Business Administration (Economic Injury Disaster Loan) (address on file with the Court) in the amount of $228,558.73
Internal Revenue Service (address on file with the Court) in the amount of $672,219.00.

Restitution is to be paid jointly and severally with codefendants, Echandza Dianca Maxie, 1:24CR00113-001, up to $743,081.69; Edeszann Dailene Maxie, 1:24CR00113-003, up to $335,818.64; Tiveria Shantell Populus, 1:24CR00113-004, up to $28,764.10; John David Clarke, 1:24CR00113-005, up to $28,764.10; and Jameal Nettles, 25CR00122-001, up to $29,339.00.

*federal agency to be paid after all other victims receive full restitution.

☐ If applicable, restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Page 6 may be subject to penalties for default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution
☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GLENNIE ANTONIO MCGEE, aka LITTLE G, akd LITTLE MAN
CASE NUMBER: 1:24-CR-00113-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒ Lump sum payment of $1,013,429.16 is due immediately, balance due not later than ____________, or

☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal ____________ *(e.g., weekly, monthly, quarterly)* installments of $ ____________ over a period of ______________ *(e.g., months or years)*, to commence _________ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal *(e.g., weekly, monthly, quarterly)* installments of $ ____________ over a period of ______________ *(e.g., months or years)*, to commence _________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ____________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
**Restitution and the special assessments are due immediately and payable in full, and are to be paid through the Clerk, U.S. District Court. Payment of restitution to the victims shall be on a pro rata basis. If full restitution is not immediately paid, any amount owing during a period of incarceration shall be subject to payment through the Bureau of Prison's Inmate Financial Responsibility Program. In the event that the defendant is not eligible to participate in that program, the defendant is to make minimum monthly payments of $25.00 while incarcerated. As a special condition of supervised release, the Probation Office shall pursue collection of any balance remaining at the time of release in installments to commence no later than 30 days after the date of release. If restitution is to be paid in installments, the court orders that the defendant make at least minimum monthly payments in the amount of $200.00. The defendant is ordered to notify the court of any material change in his ability to pay restitution. The Probation Office shall request the court to amend any payment schedule, if appropriate.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Restitution is to be paid jointly and severally with codefendants, Echandza Dianca Maxie, 1:24CR00113-001, up to $743,081.69; Edeszann Dailene Maxie, 1:24CR00113-003, up to $335,818.64; Tiveria Shantell Populus, 1:24CR00113-004, up to $28,764.10; John David Clarke, 1:24CR00113-005, up to $28,764.10; and Jameal Nettles, 25CR00122-001, up to $29,339.00.

☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☒ The defendant shall pay the cost of prosecution to the CJA Fund in the amount of $21,482.78.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: GLENNIE ANTONIO MCGEE, aka LITTLE G, akd LITTLE MAN
CASE NUMBER: 1:24-CR-00113-002

# SPECIAL CONDITIONS OF SUPERVISION

4) The defendant is prohibited from making major purchases, incurring new credit charges, or opening additional lines of credit without the permission of the Probation Officer, until such time as the financial obligations imposed by this court have been satisfied in full.

5) The defendant shall provide the Probation Office access to any requested financial information.

6) The defendant shall pay restitution as set forth on Sheets 5, Part A & 5, Part B of this Judgment.